## The Heller-Murray Co. v. Sharon Builders Supply Co.

*Albert E. Acker*, for plaintiff.
*Philip E. Brockway*, for defendant.

RODGERS, P. J., April 7, 1964. — Must a party in answer to interrogatories disclose to an adverse party the names of expert witnesses whom he has secured in anticipation of trial?

Judge Flood, in Ross v. Lister, 21 D. & C. 2d 51, said yes, but that he need not do it prior to pretrial as this would be an "annoyance" under Pennsylvania Rule of Civil Procedure 4011(b).

We cannot agree. It can be no great inconvenience to list the expert witnesses whom they have consulted. This list does not limit the party; and if he secures additional experts, their names may be disclosed at pretrial. The motion for protective order with reference to interrogatory no. 23 will be denied.

Is a party required to divulge specific facts which have been ascertained by that party in preparation for trial as contrasted with a submission of memoranda or test results obtained for preparation of trial?

This query must, of course, be answered in the negative; but we adopt the theory of Stebelski v. The Philadelphia Transportation Company, 6 D. & C. 2d 625, 631 and 632, which points out that:

"While it is true that such information may have been obtained by defendant in anticipation of litigation or in preparation for trial, the same may have been known to defendant independently of any investigation within the purview of Pa. R. C. P. 4011(d). . ."

Plaintiff must answer defendant's interrogatories 24, 25 and 26, to the extent that it has such information from any source independent of fruits of any action taken in anticipation of litigation or in preparation for trial.

*Order*

And now, April 7, 1964, motion for a protective order is denied. Plaintiff must answer the interrogatories to the extent required by the language of this opinion.